IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIMOTHY DALE FLETCHER,

                Plaintiff,

    v.                                        CASE NO. 19-3128-SAC

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY, KANSAS, et al.,

                Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Mr. Fletcher proceeds *pro se* and *in forma pauperis*. Plaintiff alleges that he received constitutionally inadequate medical care when he was arrested and confined at the Wyandotte County Detention Center (WCDC) in Kansas City, Kansas.

On December 3, 2019, the Court entered a Memorandum and Order to Show Cause (ECF No. 13) ("MOSC") ordering Plaintiff to show cause why this matter should not be dismissed due to the deficiencies set forth. Plaintiff has filed four responses to the MOSC (*see* ECF Nos. 14, 17, 18, and 19). Also pending before the Court are Plaintiff's Second Motion to Appoint Counsel (ECF No. 16) and Motion for Ruling (ECF No. 20).

In the MOSC, the Court found that the complaint failed to state a claim for deliberate indifference under the Eighth Amendment. Plaintiff failed to satisfy the objective component of a deliberate indifference claim because he did not allege a sufficiently serious medical need. A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as

1

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The injuries Plaintiff was suffering from upon his arrest had not been diagnosed by a physician and were not obvious. Plaintiff argues in his responses that he was diagnosed months later with a healing rib fracture, but this does not affect the determination at the time he was arrested.

Plaintiff also failed to satisfy the subjective component of a deliberate indifference claim. "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005) (citing *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir .2000) (quotation omitted)). The defendants neither knew of an *excessive* risk to Plaintiff's health nor completely disregarded a possible risk. While Defendants Hylton and Erickson did not take him to KU Med Center as he wanted, Plaintiff admits he was evaluated by a nurse upon booking and later received additional treatment. The nurse may have been negligent in her examination of Plaintiff, but negligence in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

Mr. Fletcher fails to state a claim for violation of his rights under the Eighth Amendment, and his complaint must therefore be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

**Motions**

Also before the Court is Plaintiff's Second Motion to Appoint Counsel (ECF No. 16). As the Court previously explained, there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616

(10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (*quoting Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*quotin*g *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (*citing Rucks*, 57 F.3d at 979).

Because the Court has determined that Plaintiff's case fails to state an actionable claim and because Plaintiff appears able to present his claims adequately, the motion is denied.

Plaintiff's Motion for Ruling (ECF No. 20) asks the Court to rule on his case. The motion is granted by virtue of this Order.

**IT IS THEREFORE ORDERED** that this action is **dismissed** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion for Appointment of Counsel (ECF No. 16) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling (ECF No. 20) is **granted**.

**IT IS SO ORDERED.**

**DATED: This 6th day of August, 2020, at Topeka, Kansas.**

                              **s/ Sam A. Crow            **
                              **SAM A. CROW**
                              **U.S. Senior District Judge**